UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEWIS JOHN,

                Plaintiff,

     v.

DEPUTY MARK C. BERRY, *et al*,

                Defendants.

Case No.  C05-5644RJB

ORDER TO SHOW CAUSE

      This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the court upon the court's review of the complaint.  After reviewing the complaint and the balance of the record, the Court finds and orders as follows:

      A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).

      To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor,

ORDER
Page - 1

1  451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section
2  1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.
3  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).
4       Plaintiff also must allege facts showing how individually named defendants caused or personally
5  participated in causing the harm alleged in the complaint. Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir.
6  1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory
7  responsibility or position. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58
8  (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. Padway v.
9  Palches, 665 F.2d 965, 968 (9th Cir. 1982).
10      Plaintiff names Judge Frederick W. Fleming, Judge Lisa R. Worswick, Donna Yumiko Masumoto,
11  and Dianney Wilson as defendants in this matter, but fails to set forth any facts as to how they caused or
12  personally participated in causing the harm alleged in his complaint. Also with respect to defendants
13  Masumoto and Wilson, as well as defendants Ed DeCosta, William T. Ferrell, Ingran Baun Kimberly, Mary
14  K. High and "D.A.C. Director" John H. Hill, plaintiff has not set forth any facts showing that these
15  defendants were acting under color of state law at any time for purposes of this cause of action.
16      In general, private parties do not act under color of state law. Price v. State of Hawaii, 939 F.2d
17  702, 707-08 (9th Cir. 1991). A plaintiff may bring a claim against a private party under 42 U.S.C. § 1983,
18  however, "who 'is a willful participant in joint action with the State or its agents.'" Degrassi v. City of
19  Glendora, 207 F.3d 636, 647 (9th Cir. 2000) (citing Dennis v. Sparks, 449 U.S. 24, 27-28 (1980) ("Private
20  persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for
21  purposes of § 1983 actions.").
22      On the other hand, "a bare allegation of such joint action" will not suffice. Id.; see also Radcliffe v.
23  Tainbow Construction Co., 254 F.3d 772, 783-84. Facts showing defendants "acted 'under color of state
24  law or authority'" must be alleged. Degrassi, 207 F.3d at 647 (citation omitted); United Steelworkers v.
25  Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (to prove conspiracy between state and
26  private parties under Section 1983, plaintiff must show agreement or "meeting of the minds" to violate
27  constitutional rights). Here, there is no indication in plaintiff's complaint that defendants Masumoto,
28  Wilson, DeCosta, Ferrell, Kimberly, High or Hill, in any way conspired with the state or any of its agents

ORDER
Page - 2

to deprive him of his constitutional rights.

Plaintiff also makes certain claims against three state superior court judges, defendants Linda C.J. Lee, Fleming and Worswick. However, judicial officers are immune from liability for damages under 42 U.S.C. § 1983 for acts taken within their judicial jurisdiction. Pierson v. Ray, 386 U.S. 547, 554-55. A judge will be subjected to liability only when he or she acts in the "clear absence of all jurisdiction" or when he performs an act that is not judicial in nature. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (quoting Cleavinger v. Saxner, 474 U.S. 193 (1985)). Plaintiff's claims do not show that any of the judges named in his complaint was acting outside his or her judicial role or jurisdiction, and thus, it appears they are immune from section 1983 liability.

Lastly, plaintiff makes claims against what appear to be four government prosecutors, defendants Lisa Wagner, Grace Kingman, Gerald A. Horne, and Kathleen Proctor. As with state judges, however, prosecutors are entitled to absolute immunity from liability for damages under 42 U.S.C. § 1983. Imbler v. Pachtman, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." Ashelman, 793 F.2d at 1076 (citing Imbler, 424 U.S. at 430-31). "If the prosecutor acts as an advocate 'in initiating a prosecution and in presenting the State's case,' absolute immunity is warranted." Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 674, 678 (9th Cir. 1984) (quoting Imbler, 424 U.S. at 430-31). Prosecutorial immunity applies "even if it leaves 'the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty.'" Ashelman, 793 F.2d at 1075 (quoting Campbell v. Maine, 787 F.2d 776, 778 (1st Cir.1986)). Plaintiff has failed to show how the above four prosecuting attorneys were not acting within their authority or in a quasi-judicial capacity.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff shall file an amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed by **no later than February 12, 2006**. The amended complaint must carry the same case number as this one. If an amended complaint is not timely filed, or if plaintiff fails to adequately address these issues, the Court will recommend dismissal of this action.

1     Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992). Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original complaint.

    The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to plaintiff.

    DATED this 12th day of January, 2006.

*[signature]*

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 4