UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEWIS JOHN,

        Plaintiff,

v.

DEPUTY MARK C. BERRY, *et al*,

        Defendants.

Case No.  C05-5694RJB-KLS

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon plaintiff's filing of a motion for appointment of counsel. (Dkt. #19). Plaintiff has been granted *in forma pauperis* status in this case.  After reviewing the motion and the balance of the record, the Court finds and ORDERS as follows:

There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  While the court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, it may do so only in exceptional circumstances. Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984); Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of plaintiff to articulate his claims *pro se* in light of the complexity

ORDER
Page - 1

of the legal issues involved.  <u>Wilborn</u>, 789 F.2d at 1331.

Plaintiff seeks appointment of counsel for a number of reasons, none of which the Court finds warrant granting his motion.  Plaintiff states that his "head injury" prevents him from pursuing any type of long-term litigation.  However, he fails to provide any evidence of this, let alone explain exactly how his injury prevents him from prosecuting this matter.  Plaintiff also states that his incarceration will "greatly limit" his ability to litigate this matter.  Yet, the fact of incarceration applies to all prisoner plaintiffs, and it alone does not constitute a valid basis for appointment of counsel.

Plaintiff asserts the issues in this case are complex, yet does not provide any explanation as to why that is so, and the Court does not find the requisite complexity to be present here.  The Court further notes that plaintiff has not shown a likelihood of success on the merits.  Plaintiff alleges that prison officials are hindering his ability to conduct civil litigation as well, yet again fails to provide any evidence that such activities are taking place, or that those activities warrant appointment of counsel.

Finally, plaintiff argues it would not be fair to proceed with this matter *pro se*, while defendants are represented by counsel.  While certainly this kind of situation can create certain disparities in terms of either side's ability to litigate this matter, such disparities, while unfortunate, do not constitute a valid basis for the appointment of counsel.  Accordingly, plaintiff's motion for appointment of counsel (Dkt. #19) hereby is DENIED.

The clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 5th day of July, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2