UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEWIS JOHN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPUTY MARK C. BERRY, *et al*,<br><br>　　　　　Defendants. | Case No.  C05-5694RJB-KLS<br><br>REPORT AND RECOMMENDATION<br><br>Noted for July 28, 2006 |

　　　　This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court on plaintiff's motion seeking an injunction. (Dkt. #21). Having reviewed plaintiff's motion and the remaining record, the undersigned submits the following Report and Recommendation for the Honorable Robert J. Bryan's review.

### DISCUSSION

　　　　The basic function of preliminary injunctive relief is to preserve the *status quo ante litem* pending a determination of the action on the merits. <u>Los Angeles Memorial Coliseum Com'n v. National Football League</u>, 634 F.2d 1197, 1200 (9th Cir. 1980). A party seeking preliminary injunctive relief must fulfill one

of two standards, either the "traditional" or the "alternative." Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987). Under the traditional standard:

> [A] court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief.

Id. Under the alternative standard:

> [T]he moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id.; Associated General Contractors of California, Inc. v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991). To obtain preliminary injunctive relief, the moving party must demonstrate exposure to a "significant risk of irreparable harm" absent the requested judicial intervention. Associated General Contractors of California, Inc., 950 F.2d at 1410; Caribbean Marine Services Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988). The moving party "must do more than merely allege imminent harm," he "must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." Associated General Contractors of California, Inc., 950 F.2d at 1410.

Plaintiff alleges in his motion that the policy of the institution in which he currently is incarcerated prohibits making copies of civil matters, and that the mail room at that institution prohibits "multiple copies of the same item to come into the inmates [sic] mail." Plaintiff's Motion Seeking an Injunction, p. 1. Plaintiff requests the Court (1) order the institution's superintendent to allow him to have as many copies made as he needs, or (2) order the Clerk to make copies for him as needed. Plaintiff, however, has made no showing that he meets either the traditional or alternative standard noted above. Indeed, he has provided no evidence whatsoever regarding the alleged actions of his institution.

In addition, "[i]t is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969). In other words, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Id. Here, while the Court can order the Clerk to make copies for him (though it declines to do so), the superintendent of the institution where he is currently incarcerated is not a party to this matter. As such, the Court has no jurisdiction over the superintendent's person, and therefore no power to issue an

1  injunction with respect to that official.

## CONCLUSION

For all of the above reasons, the court should deny plaintiff's motion seeking an injunction. (Dkt. #21).

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set this matter for consideration on **July 28, 2006**, as noted in the caption.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 5th day of July, 2006.

Karen L. Strombom
United States Magistrate Judge