UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEWIS JOHN,

           Plaintiff,

    v.

DEPUTY MARK C. BERRY, *et al.*,

           Defendants.

Case No. C05-5694RJB-KLS

ORDER CONVERTING DEFENDANTS' MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6) TO MOTION FOR SUMMARY JUDGMENT

    This is a pro se civil rights case brought pursuant to 42 U.S.C. § 1983.  This matter comes before the court on defendants' motion to dismiss under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6). (Dkt. #24).  After reviewing defendants' motion, plaintiff's response thereto, and the remaining record, the Court hereby finds and orders as follows:

    Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b) provides in relevant part:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Thus, a motion to dismiss made under Fed. R. Civ. P. 12(b)(6) must be treated as a motion for summary judgment under Fed. R. Civ. P. 56 if either party submits materials outside the pleadings in support of or opposition to the motion, and the court relies on those materials. Fed. R. Civ. P. 12(b); See also Jackson v. Southern California Gas Co., 881 F.2d 638, 643 n. 4 (9th Cir.1989) ("The proper inquiry is whether the

court relied on the extraneous matter.").

Failure to treat the motion as one for summary judgment would constitute reversible error. See Bonilla v. Oakland Scavenger Co., 697 F.2d 1297, 1301 (9th Cir. 1982); Costen v. Pauline's Sportswear, Inc., 391 F.2d 81, 84-85 (9th Cir. 1968). A party that has been notified that the court is considering material beyond the pleadings has received effective notice of the conversion to summary judgment. See Grove v. Mead Sch. Dist. No. 354, 753 F.2d 1528, 1533 (9th Cir.), cert. denied, 474 U.S. 826 (1985); Townsend v. Columbia Operations, 667 F.2d 844, 849 (1982).

Defendants have attached to their motion trial transcripts and various other documents related to plaintiff's criminal trial and conviction. See Appendix "A" and Appendix "B", attached to Defendants' Rule 12(B)(6) Motion to Dismiss. While there are exceptions to the above rule regarding extraneous material, the Court finds those exceptions to be inapplicable here. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); Cooper v. Pickett, 137 F.3d 616, 622-23 (9th Cir. 1998). As such, the Court had determined that defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) should be converted to a motion for summary judgment.

Accordingly, defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #24) hereby is considered a motion for summary judgment under Fed. R. Civ. P. 56. Defendants' converted motion for summary judgment hereby is re-noted for consideration on **August 25, 2006**. Plaintiff may file a further response, if any, to defendants' converted motion for summary judgment, including supporting documents, by **no later than August 21, 2006**. Defendant may file a reply to plaintiff's further response, if any, also including supporting documents, by **no later than August 24, 2006**.

The Clerk is directed to send a copy of this Order to plaintiff and counsel for defendants.

DATED this 17th day of July, 2006.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 2