UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LEWIS JOHN,

            Plaintiff,

    v.

DEPUTY MARK C. BERRY, *et al*,

            Defendants.

Case No.  C05-05-5694RJB-KLS

ORDER

        This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon plaintiff's filing of his "second request to dismiss qualified immunity under rule 12(b)(6) & for summary judgment." (Dkt. #35). After reviewing plaintiff's request, the Court does hereby find and ORDER:

        On July 17, 2006, the Court issued an order (Dkt. #31) converting defendants' motion to dismiss under Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6) (Dkt. #24) to a motion for summary judgment. In that order, the Court found such conversion to be proper in light of the extraneous material submitted by defendants in support of their motion. In his present request, plaintiff objects to the Court's conversion of that motion and states that he is seeking to dismiss defendants' assertion that they are entitled to qualified immunity in this case. Plaintiff argues that conversion of defendants' motion was improper, because discovery in this matter has not yet been completed.

        Although plaintiff has not named it as such, the Court shall treat plaintiff's request as a motion for

reconsideration of its order converting defendants' motion to dismiss.  Local Rule CR 7 states:

> Motions for reconsideration are disfavored.  The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

Plaintiff, however, has not submitted any new facts or legal authority which could not have been brought to the Court's attention earlier, nor has he shown any manifest error in the court's prior ruling.

Indeed, as the Court noted in its prior order, Fed. R. Civ. P. 12(b)(6) mandates that a motion to dismiss under that rule be converted to a motion for summary judgment under Fed. R. Civ. P. 56, if "matters outside the pleading are presented to and not excluded" by the Court. Fed. R. Civ. P. 12(b).  In this case, the Court has not excluded those pleadings.  As such, the Court was required to convert defendants' motion to dismiss.  Although discovery may not have yet been completed in this matter, the mere fact that discovery is ongoing, is not a proper reason for not effecting conversion under Fed. R. Civ. P. 12(b).  Indeed, plaintiff has not provided any valid reasons why the Court should not have converted defendants' motion here under the requirements of Fed. R. Civ. P. 12(b).  -

Accordingly, plaintiff's "second request to dismiss qualified immunity under rule 12(b)(6) & for summary judgment" (Dkt. #35) hereby is DENIED.

The Clerk is directed to send copies of this Order to plaintiff and counsel for defendants.

DATED this 4th day of August, 2006.

Karen L. Strombom
United States Magistrate Judge